**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

LEISHA ALLEN,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL ACTION NO.: 2:15-cv-157

(Case No.: 2:14-cr-24)

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Leisha Allen ("Allen"), who is currently housed at the Federal Correctional Institution in Tallahassee, Florida, has filed a Motion to Vacate, Set Aside, or Correct her Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) The Government filed a Response, and Allen filed a Reply. (Docs. 7, 8.) For the reasons which follow, I **RECOMMEND** the Court **DISMISS** Allen's Motion, **CLOSE** this case, and **DENY** Allen *in forma pauperis* status on appeal and a Certificate of Appealability.

## BACKGROUND

Allen was charged by Information with conspiracy to commit theft of public money, in violation of 18 U.S.C. § 371, and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). Information, United States v. Allen, 2:14-cr-24 (S.D. Ga. Sept. 19, 2014), ECF No. 1. The Court appointed Mario Pacella to represent Allen. CJA 20, United States v. Allen, 2:14-cr-24 (S.D. Ga. Sept. 23, 2014), ECF No. 6. On October 6, 2014, Allen appeared before the Court for her initial appearance, arraignment, and a waiver of indictment. Allen agreed to waive her right to prosecution by Indictment and consented to prosecution by Information. Waiver,

United States v. Allen, 2:14-cr-24 (S.D. Ga. Oct. 6, 2014), ECF No. 9. Allen entered a plea of guilty to the charges contained in the Information against her on this same date. Change of Plea, United States v. Allen, 2:14-cr-24 (S.D. Ga. Oct. 6, 2014), ECF No. 13. Chief Judge Lisa Godbey Wood sentenced Allen to 60 months' imprisonment on the conspiracy count and to 24 months' imprisonment on the identity theft count, to be served consecutively, and ordered Allen to pay $803,492.00 in restitution. J., United States v. Allen, 2:14-cr-24 (S.D. Ga. Feb. 13, 2015), ECF No. 18. Mr. Pacella filed a Post-Conviction Consultation Certification on February 18, 2014, which Allen signed after consultation with Mr. Pacella. Notice, United States v. Allen, 2:14-cr-24 (S.D. Ga. Feb. 18, 2015), ECF No. 19-1. Allen did not file a direct appeal. She filed her timely Section 2255 Motion on November 2, 2015.

## DISCUSSION

In her Motion, Allen contends Mr. Pacella rendered ineffective assistance by failing to: challenge her criminal history calculation; file a sentencing memorandum; object to the Court's consideration of the factors set forth in 18 U.S.C. § 3553; and file an appeal. (Doc. 1.) The Government responds that the appeal and collateral attack waivers contained in Allen's plea agreement bar her claims. In the alternative, the Government asserts that Allen's claims fail on the merits. (Doc. 7, p. 5.)

**I. Whether the Collateral Waiver Provision in Allen's Plea Agreement Bars her Claims**

The Government maintains Allen agreed to a complete waiver of her collateral attack rights as part of her plea agreement. (Id. at p. 6.) The Government asserts there were no exceptions to the collateral review waiver, and Allen "manifested her understanding of the waiver[ ]" by signing her plea agreement. (Id.) Additionally, the Government avers the Court questioned Allen about the waiver during her change of plea hearing, and Allen declared that she

understood the waiver. Further, the Court instructed Allen regarding the limited ways in which she could challenge her criminal proceedings, even after entry of her guilty plea, but none of those ways including the ability to file a Section 2255 motion. (Id.)

When a defendant enters a guilty plea pursuant to Rule 11 proceedings, "there is a strong presumption that the statements made during the colloquy are true" and her plea is knowing and voluntary. United States v. Gonzalez-Mercado, 808 F.2d 796, 800 n.8 (11th Cir. 1987). It is well-settled that a waiver of appeal[1] provision contained in a plea agreement is enforceable if the waiver is knowing and voluntary. United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008) (citing United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001)). "'To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver.'" United States v. Mottola, 394 F. App'x 567, 568 (11th Cir. 2010) (quoting United States v. Benitez-Zapata, 131 F.3d 1444, 1446 (11th Cir. 1997)). "A waiver of the right to appeal includes a waiver of the right to appeal difficult or debatable legal issues—indeed, it includes a waiver of the right to appeal blatant error." United States v. Howle, 166 F.3d 1166, 1169 (11th Cir. 1999). "Waiver would be nearly meaningless if it included only those appeals that border on the frivolous." Brown v. United States, 256 F. App'x 258, 261–62 (11th Cir. 2007).

Allen and her attorney, Mr. Pacella, were able to negotiate a plea agreement with the Government whereby Allen agreed to plead guilty to Count One and Count Two of the

---

[1] "Appeal" refers to the right to appeal or contest, directly or collaterally, a sentence. United States v. Bushert, 997 F.2d 1343, 1350 & n.17 (11th Cir. 1993). Case law concerning waiver of a direct appeal has also been applied to waiver of the right to collateral proceedings. Vaca-Ortiz v. United States, 320 F. Supp. 2d 1362, 1365–67 (N.D. Ga. 2004).

Information. A "Waiver of Appeal" provision was included as part of the plea agreement. That provision set forth:

> Defendant entirely waives [her] right to a direct appeal of her conviction and sentence on any ground. The only exceptions are: (1) that Defendant may file a direct appeal of her sentence if the district court enters a sentence above the statutory maximum, (2) that Defendant may file a direct appeal of her sentence if the district court enters a sentence above the advisory sentencing guideline range, and (3) that Defendant may file a direct appeal of her sentence if the Government appeals the sentence. **Absent those exceptions, Defendant explicitly and irrevocably instructs her attorney not to file an appeal.**

Plea Agreement, United States v. Allen, 2:14-cr-24 (S.D. Ga. Oct. 6, 2014), ECF No. 14, p. 7 (emphasis supplied). Additionally, Allen's plea agreement contained a "Waiver of Collateral Attack" provision, which provided, "Defendant entirely waives [her] right to collaterally attack her conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion." Id.

Allen appeared before Chief Judge Wood for her change of plea, or Rule 11, proceeding. Chief Judge Wood addressed Allen to ensure that, because Allen was pleading guilty to felony counts in an information, she understood she had the right to proceed before a grand jury, where at least twelve people must find probable cause that she committed an offense before the case went forward. Change of Plea Hr'g, United States v. Allen, 2:14-cr-24 (S.D. Ga. June 10, 2015), ECF No. 21, p. 3. Chief Judge Wood informed Allen the purpose of the hearing was to ensure that she understood the case that was pending against her, that she understood all of the rights she was waiving or giving up by pleading guilty, and that there was a factual basis for the guilty plea. Id. at p. 4. Chief Judge Wood inquired whether anyone had forced or "lean[ed] on" Allen to offer to plead guilty, and she said no one had done so and that pleading guilty was what she wanted to do. Id. at p. 5. Chief Judge Wood told Allen that she did not have to plead guilty, and if she chose to persist in her not guilty plea, she would have the right to: a public and speedy trial

4

by jury; a presumption of innocence during that trial; the assistance of trial counsel; see, hear, confront, and cross-examine the Government's witnesses and evidence; call witnesses on her behalf; and testify herself or to remain silent. Id. at pp. 8–9. However, Chief Judge Wood cautioned Allen she would be waiving these rights if she pled guilty. Id. at p. 9.

Allen stated she understood and did not have any questions. Allen also stated she and Mr. Pacella reviewed the Information together and that she had had the opportunity to talk to Mr. Pacella about the facts of her case, as well as about the proposed plea agreement. Id. at pp. 9–10. Allen stated Mr. Pacella had generally spoken to her about the advisory Sentencing Guidelines and that she was satisfied with Mr. Pacella's representation. Id. at p. 10. Chief Judge Wood reviewed the counts of the Information with Allen and the essential elements of the crimes for which she was charged and that the Government would have to prove. Id. at pp. 10–13. Chief Judge Wood advised Allen of the maximum sentence she could impose, which was five years' imprisonment as to Count One and not less than two years' imprisonment as to Count Two, to be served consecutively to any sentence imposed on Count One. Chief Judge Wood reiterated that any sentence imposed as to Count Two would be consecutive to any sentence imposed as to Count One. Id. at pp. 13–14.

Additionally, Chief Judge Wood asked the Assistant United States Attorney ("AUSA") to summarize the provisions of the plea agreement. AUSA Tania Groover stated:

> The terms of the plea agreement specifically [are] that the Government will not object to a recommendation by the U. S. Probation Office that the Defendant receive a three-level reduction in offense level for acceptance of responsibility pursuant to section 3E1.1 of the sentencing guidelines.
>
> The Defendant agrees to pay restitution for the full loss caused by the Defendant's total criminal conduct, which is not limited to the specific counts to which she is pleading guilty. The Defendant agrees to provide full, complete, candid, and truthful cooperation to the Government, and the Government in its full discretion

> will decide whether or not that cooperation qualifies as substantial assistance that warrants the filing of a motion for downward departure or reduction in sentence. At sentencing, the Government will move to dismiss any other counts of the indictment in CR214-18 that remain pending against the Defendant. The Defendant also waives the right to appeal on any ground with only three exceptions. . . .
>
> Also the Defendant entirely waives the right to collaterally attack her conviction and sentence on any ground and by any method, including but not limited to a § 2255 motion.

Id. at pp. 17–18. Chief Judge Wood asked Allen if AUSA Groover's summarization of the plea agreement was consistent with the plea agreement she signed, and she stated it was. Id. at p. 19. Allen also stated she read the plea agreement, and Mr. Pacella answered any questions she may have had before she signed the agreement. Chief Judge Wood then addressed Allen:

> I want to pick back up on something that Ms. Groover mentioned, and that is this agreement that you are proposing does contain a waiver of your appellate rights. It states: Defendant entirely waives her right to a direct appeal of her conviction and sentence on any ground.
>
> There are only three exceptions. That is, you only get a direct appeal right if one of these three events were to occur: Number one, if I were to sentence you above the statutory maximum, then you would be able to appeal that directly. Number two, if I were to sentence you above the advisory guideline range as found by me, then you would be able to appeal that directly. Or number three, if the Government were to file a direct appeal, then you could appeal directly.
>
> But outside of those three occurrences, by virtue of this agreement, you waive all appellate rights.
>
> Further, the agreement waives your right to collaterally attack your conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion.
>
> Ms. Allen, do you understand those waivers?

Id. at pp. 20–21. Allen stated she understood these provisions and had no questions.

Chief Judge Wood then asked Allen whether she still wished to plead guilty to Counts One and Two of the Information because she was in fact guilty of those counts, and she

answered in the affirmative. Id. at p. 21. Chief Judge Wood also asked Allen whether she understood the rights and privileges she was waiving if Chief Judge Wood accepted her plea, and Allen said she did. Chief Judge Wood determined Allen participated in the Rule 11 proceedings "knowingly" and "intelligently." Id. at p. 22. Further, Chief Judge Wood determined Allen's plea was "knowing" and "voluntary". Id. at pp. 22–23. Allen agreed. The Government provided a factual basis for Allen's plea of guilty. Id. at pp. 23–29. After hearing from Allen again, during which time she agreed with the Government's factual basis, Chief Judge Wood accepted Allen's plea and adjudged her guilty of Counts One and Two of the Information. Id. at p. 30.

At the sentencing hearing, Chief Judge Wood asked Allen whether she had had the opportunity to read and review the Pre-Sentence Investigation report ("PSI") and its addendum and discuss it with Mr. Pacella. Allen stated she had, and Mr. Pacella asserted that there were no objections to the factual accuracy of the PSI or to the probation officer's application of the advisory Guidelines. Sent. Hr'g Tr., United States v. Allen, 2:14-cr-24 (S.D. Ga. Aug. 16, 2015), ECF No. 23, pp. 2–3. Accordingly, Chief Judge Wood adopted the factual statements in the PSI and the probation officer's application of the Guidelines. Chief Judge Wood determined that Allen's offense level was 25 with a criminal history category of III, calling for "60 months of imprisonment plus 24 months consecutive as to Count 2[.]" Id. at p. 3. After hearing from Mr. Pacella, the AUSA, and Allen and having reviewed the PSI, Allen's sentencing memorandum, and the sentencing factors of 18 U.S.C. § 3553, Chief Judge Wood sentenced Allen to 84 months' imprisonment, which consisted of 60 months' imprisonment for Count One and 24 months' imprisonment as to Count Two, to be served consecutively. Id. at p. 7. Chief Judge Wood remarked that she found no reason to depart from the sentence called for by the advisory

Guideline range. Id. Additionally, Chief Judge Wood reminded Allen of the waiver provisions contained in her plea agreement during the sentencing hearing. Specifically, Chief Judge Wood stated, "Pursuant to the plea agreement, with limited exceptions, you did waive your appellate rights and waive the right to attack the sentence in any postconviction proceeding." Id. at pp. 10.

The record clearly indicates that Allen understood the implications of entering a guilty plea, as well as the meaning of the appeal and collateral waiver conditions. In addition, Chief Judge Wood specifically questioned Allen about these conditions during the Rule 11 hearing and reminded her of these provisions during sentencing. Mottola, 394 F. App'x at 568.

The appeal waiver bars Allen's arguments that Mr. Pacella failed to object to her criminal history calculation, to discuss Allen's cooperation with the Government, and to the Court's consideration of the Section 3553 factors. The waiver contained exceptions that allowed Allen to file a direct appeal of her sentence if the sentence exceeded the statutory maximum or if the sentence was higher than the advisory sentencing guideline range as found by the sentencing court. Plea Agreement, United States v. Allen, 2:14-cr-24 (S.D. Ga. Oct. 6, 2014), ECF No. 14, p. 7. However, there was no exception for filing a Section 2255 Motion. Indeed, through the collateral attack waiver, Allen specifically waived her right to file a Section 2255 Motion. Moreover, Allen was not sentenced to a term of imprisonment higher than the advisory Guidelines range Chief Judge Wood found to be appropriate, nor was she sentenced above the statutory maximum sentence. Allen's sentence of 84 months' imprisonment fell within the Guidelines' range, as found by Chief Judge Wood[2], and within the statutory maximum sentence of seven years total (five years for violation of 18 U.S.C. § 371 and two years in addition to the Section 371 conviction under 18 U.S.C. § 1028A(a)(1)).

---

[2] An offender with an offense level of 25, Criminal History Category III (4 to 6 criminal history points) faces a Guidelines' range of 70 to 87 months' imprisonment. Sent. Table, United States Sentencing Guidelines.

8

Additionally, Allen and Mr. Pacella executed the Post-Conviction Consultation Certification. Notice, United States v. Allen, 2:14-cr-24 (S.D. Ga. Feb. 18, 2015), ECF No. 19. In this Certification, the blocks indicating Allen decided not to file an appeal, including a Section 2255 motion, and that Mr. Pacella explained the consequences of failing to do so are marked with an "X", and Allen and Mr. Pacella signed the Certification. Certification, United States v. Allen, 2:14-cr-24 (S.D. Ga. Feb. 18, 2015), ECF No. 19-1, pp. 1–2. As noted above, Allen "explicitly and irrevocably" instructed her attorney not to file an appeal, unless one of the three exceptions applied. Plea Agreement, United States v. Allen, 2:14-cr-24 (S.D. Ga. Oct. 6, 2014), ECF No. 14, p. 7. None of the enumerated exceptions came to fruition, and thus, the appeal waiver contained in Allen's plea agreement bars her claim that Mr. Pacella was ineffective for failing to file an appeal on her behalf.[3]

For all of these reasons, the waiver provisions in Allen's plea agreement bar the claims she attempts to assert through her Section 2255 Motion. Consequently, she is not entitled to her requested relief, and the Court should **DISMISS** Allen's Motion.

## II. Leave to Appeal *In Forma Pauperis* and Certificate of Appealability

The Court should also deny Allen leave to appeal *in forma pauperis*. Though Allen has, of course, not yet filed a notice of appeal, it would be appropriate to address this issue in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party

---

[3] The Court notes Allen's contention that her criminal history calculation is incorrect because she should not have received any criminal history points for a Wayne County Superior Court case (No. 04CR0115) because the charges were expunged from her record. (Doc. 1, p. 10.) Allen's conviction obtained in the Wayne County Superior Court was discharged under the First Offender Act, (id. at p. 24), but was not expunged. Consequently, Allen's prior conviction properly counted for Guidelines calculations purposes. United States v. Knight, 154 F. App'x 798, 800 (11th Cir. 2005) (finding the district court properly included a defendant's non-expunged conviction under the Georgia First Offender Act in its criminal history category calculation); Gregory v. United States, No. CV407-129, No. CR405-262, 2008 WL 975087, at *2 (S.D. Ga. Apr. 9, 2008). Thus, Allen cannot use the status of this prior conviction to circumvent the clear waivers contained in her plea agreement.

proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. Further, under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when entering an order adverse to the applicant. A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it

to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Allen's Motion and the Government's Response and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. If the Court adopts this recommendation and denies Allen a Certificate of Appealability, Allen is advised that she "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DISMISS** Allen's Motion, **CLOSE** this case, **DENY** Allen *in forma pauperis* status on appeal, and **DENY** Allen a Certificate of Appealability.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28

U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Allen and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 23rd day of September, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA